UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW JASON BAUER,

           Plaintiff,

v.                                        CAUSE NO. 3:22-cv-419 DRL-MGG

CHRISTINE VANDERBORG,

           Defendant.

OPINION & ORDER

Matthew Jason Bauer filed a *pro se* complaint against Christine Vanderborg, a code enforcement officer for the City of Michigan City. The court allowed him to proceed *in forma pauperis* on two claims: a Fourteenth Amendment claim for the disclosure of his medical information and a state law defamation claim. Ms. Vanderborg requests partial judgment on the pleadings on the state law claim under Fed. R. Civ. P. 12(c). The court advised Mr. Bauer of his opportunity to respond, and he filed a short response. The court now grants the motion.

STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to such a judgment when it appears "beyond doubt" that the nonmoving party "cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the nonmoving party. *See Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include "the complaint, the answer, and any written instruments attached as

exhibits." *N. Ind. Gun & Outdoor Shows, Inc.,* 163 F.3d at 452 (citing Fed. R. Civ. P. 10(c)). Of course, because Mr. Bauer is a *pro se* plaintiff, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

The Indiana Tort Claims Act (ITCA) provides that a tort claim against a government entity is barred unless the claimant provides the entity with notice of the claim within 180 days of the loss. Ind. Code § 34-13-3-8; Ind. Code § 34-13-3-1. "The ITCA applies to suits against employees of political subdivisions as well as the subdivisions themselves." *Alexander v. City of S. Bend*, 256 F. Supp.2d 865, 875 (N.D. Ind. 2003) (citing *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999)). The notice "must describe in a short and plain statement the facts on which the claim is based," including "the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice." Ind. Code § 34-13-3-10. The notice must be in writing and delivered in person or by registered or certified mail. Ind. Code § 34-13-3-12. Compliance with the notice provisions of the ITCA is a procedural precedent. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007). "Once the defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." *Id.*

Ms. Vanderborg requests partial judgment on the pleadings because Mr. Bauer didn't file a notice of his tort claim with her or the City of Michigan City as required by the ITCA. Thus, she contends his state law defamation claim is barred. In his response, Mr. Bauer doesn't address or mention any ITCA notice but argues his claim's substance. As a matter of law, his state law claim is barred, and judgment must be granted.

CONCLUSION

Accordingly, the court GRANTS the motion for partial judgment on the pleadings [ECF 11] and DISMISSES Mr. Bauer's state law defamation claim. The case can proceed only on his Fourteenth Amendment claim.

SO ORDERED.

February 10, 2023                                         *s/ Damon R. Leichty*
                                                          Judge, United States District Court